IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENYATTA BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-4057-MAB |
| | ) |
| DEVIN MCKINNEY, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff Kenyatta Brown's Motion for Leave to File Late Motion for Reconsideration (Doc. 21). For the reasons explained below, the motion is granted in part and denied in part.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that officials at Menard Correctional Center conspired to retaliate against him for naming them and/or their fellow officers in a lawsuit (Doc. 14). Specifically, Plaintiff alleged that he filed a lawsuit against a number of prison officials (including some of the named Defendants in the instant case) in May 2021 (Doc. 14, p. 14). A week or so after the lawsuit was served, Defendants began to retaliate against him by engaging in conduct intended to harass, intimidate, and ultimately frame him for false disciplinary charges (*Id.*). He alleges that he suffered retaliation through delays in his incoming and outgoing mail; lengthy and destructive cell searches; being removed from his cell and taken for questioning; false accusations of being a gang leader and/or drug dealer; and unjustified disciplinary

charges and subsequent punishments (Doc. 14; *see also* Doc. 17). Following a threshold review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on two Fourteenth Amendment due process claims (Counts 4 and 6) against Defendants Justin Frazer, Nathan McCarthy, Sarah Wooley, Devin McKinney, and Joshua Schoenbeck related to the alleged false disciplinary tickets he was issued and the punishments he received (Doc. 17). However, the Court determined that all of Plaintiff's other claims—First Amendment retaliation claims (Counts 1, 2, 3, 8), Eighth Amendment conditions of confinement claims (Counts 5, 7), and a conspiracy claim (Count 9)—were insufficiently pled and were dismissed for failure to state a claim (Doc. 17). Plaintiff moved to reconsider the dismissal of Counts 1, 2, 3, 5, 7, 8, and 9 (Doc. 21).

As an initial matter, Plaintiff's motion to reconsider is not late, like he thought. Under Federal Rule of Civil Procedure 54(b), the Court has the power to reconsider interlocutory orders at any time prior to the entry of final judgment. FED. R. CIV. P. 54(b); *see also Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018); *Marconi Wireless T. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943). That being said, reconsideration of an interlocutory order is only appropriate when a court has misunderstood a party, made a decision outside the adversarial issues presented to the court by the parties, made an error not of reasoning but of apprehension, or where a significant change in the law or the facts has occurred since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). *See also Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, 897 F.3d 786, 795 (7th Cir. 2018) ("[M]otions to reconsider exist to spare parties and courts unnecessary appeals.")

The claims at issue—Counts 1, 2, 3, 5, 7, 8, and 9—were delineated as follows in the Merit Review Order:

> **Count 1:** First Amendment claim against Marcelus Ottensmeier and Devin McKinney for insinuating that Plaintiff was involved in drug dealing in retaliation for filing a suit against Menard officials in May 2021.
>
> **Count 2:** First and/or Fourteenth Amendment claim against the "prison law library" and/or "internal affairs" for delaying the photocopying, mailing, and return of Plaintiff's offer of settlement from June 3, 2021, until September 17, 2021.
>
> **Count 3:** First Amendment claim against Justin Frazer, Nathan McCarthy, Jessica Huffman, Doe 1, and Sarah Wooley for placing Plaintiff in restrictive housing, searching his cell, and confiscating his property, all in retaliation for Plaintiff's letter to another inmate confiscated on or around July 8, 2021.
>
> **Count 5:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement in restrictive housing for 90 days from July 8, 2021 until October 7, 2021.
>
> **Count 7:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement in restrictive housing for 90 days from approximately January until March 2022.
>
> **Count 8:** First Amendment claim against I/A Officer Doe 2[1] for attempting to instigate a fight between Plaintiff an Inmate Corey Sanders on or around October 7, 2021, in order to retaliate against Plaintiff.
>
> **Count 9:** Conspiracy claim against Defendants for their concerted efforts to retaliate against Plaintiff for filing suit against Menard officials in May 2021.

(Doc. 17, pp. 6–7).

Having carefully re-reviewed Plaintiff's Amended Complaint (Doc. 14), and the Merit Review Order (Doc. 17), the Court remains convinced that Counts 2, 5, and 7 were

---

[1] This Defendant was erroneously referred to as Doe 3 on pages 6 and 8 of the Merit Review Order (Doc. 17, pp. 6, 8; *see also id.* at pp. 4–5).

properly dismissed (Doc. 17, pp. 7, 9. 10). However, when it comes to Counts 3 and 8, the Court agrees with Plaintiff that it misconstrued or overlooked his allegations about the alleged reason for some of the retaliatory conduct (Doc. 21). With respect to Count 3, the Court wrote that Defendants' alleged conduct was in retaliation for a letter Plaintiff had written to another inmate (Doc. 17, pp. 6, 7–8). Because the letter did not constitute protected activity sufficient to support a First Amendment retaliation claim, Count 3 was dismissed (*Id.* at p. 8). As for Count 8, the Court wrote that Plaintiff failed to identify any protected speech, and therefore Count 8 was dismissed (*Id.*). And because none of Plaintiff's retaliation claims survived screening, his claim for conspiracy to retaliate in Count 9 was also dismissed (*Id.* at pp. 8–9).

In actuality, Plaintiff alleged that *all* of the conduct at issue was in retaliation for a previous lawsuit that he had filed against some of the Defendants and other prison officials (Doc. 14, pp. 9, 10, 22, 24, 29). Filing a lawsuit is a protected activity that can serve as the basis for a First Amendment retaliation claim. *See Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996) ("The federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of conditions of confinement, as well as the right to be free from retaliation for exercising this right."). The Court's misunderstanding requires a fresh look at whether Plaintiff sufficiently stated a claim for retaliation in Counts 3 and 8 and a claim for conspiracy in Count 9. The Court also believes that this "fresh look" at Counts 3, 8, and 9 also makes it prudent to reevaluate the retaliation claim in Count 1.

Count 1

To state a viable retaliation claim, a plaintiff must sufficiently allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter future First Amendment activity; and (3) his First Amendment activity was "at least a motivating factor" in each defendant's decision to take retaliatory action against him. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Plaintiff's allegations relevant to Count 1 are that about a week after his previous lawsuit was served, Defendants Ottensmeier and McKinney had him escorted from his cell to be interviewed (Doc. 14, p. 14). Defendants claimed it was a "well-being check" and asked Plaintiff a series of questions about things like issues with staff and whether he was receiving contact visits, but then "inexplicably" pivoted to asking whether he knew anything about drugs in segregation, which Plaintiff says felt more like "an accusation" (Doc. 14, p. 14). Plaintiff alleged that he felt intimidated by the interview and was told by a long-term inmate that was precisely the point of the interview (*Id.*). Plaintiff further alleged that he had never been questioned about drugs nor been the subject of a wellness check prior to filing his lawsuit, and this was the first step in what he claims was a plot to implicate him for drug dealing at the prison (*Id.* at p. 9).

The Court previously concluded that the wellness check described by Plaintiff does not amount to retaliatory conduct simply because Plaintiff felt like the two defendants insinuated that he was involved in misconduct (Doc. 17, p. 7). However, upon reconsideration and construing Plaintiff's pro se complaint liberally, taking the

allegations as true, and drawing all reasonable inferences in his favor, *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015), the Court believes the wellness check can plausibly be seen as the first incident in a campaign by prison employees to harass Plaintiff in a variety of ways over a period of time to retaliate against him for filing a lawsuit. Accordingly, Plaintiff's allegations are sufficient to state a plausible claim against Defendants Ottensmeier and McKinney. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).

<u>Count 3</u>

Plaintiff's allegations relevant to Count 3 against Defendants Frazer, McCarthy, Huffman, Doe 1, and Wooley are that:

- Frazer retaliated against him by placing him in restrictive housing, having his cell searched, and issuing him a false disciplinary ticket for dealing drugs in prison (Doc. 14, pp. 15, 17–18, 42–43, 47–48);

- McCarthy retaliated against him by falsely accusing him of gang activity and drug activity, unjustly continuing his placement on investigative status, offering bribes to other inmates in an effort to manufacture false evidence against Plaintiff, and helping to write the first false disciplinary ticket (*Id.* at pp. 15–16, 17–18, 18–19, 21, 23);

- Huffman and Doe 1 retaliated against him by trashing his cell, confiscating some of his property, spitting in his food, and circling the names of I/A Officers Childs and Gee on a court document, which to him "impl[ied] retaliation for filing the suit" (*Id.* at pp. 17–18, 21); and

- Sarah Wooley retaliated against him by falsely accusing him of drug dealing, manufacturing false evidence against him, and issuing him a false disciplinary ticket for (*Id.* at pp. 18–19, 21, 27, 46).

As previously stated, Plaintiff alleges that each of these Defendants' conduct was motivated by a desire to retaliate against him because of the lawsuit he had filed (Doc. 14, p. 10). As such, these allegations are sufficient to state a claim for First Amendment

retaliation and Plaintiff is permitted to proceed on Count 3 as to Defendants Frazer, McCarthy, Huffman, Doe 1, and Wooley.

The Court also believes that Defendant Schoenbeck should be included in Count 3. His actions in finding Plaintiff guilty and punishing him for false disciplinary charges, which serve as the basis for Plaintiff's Fourteenth Amendment due process claims in Counts 4 and 6 (*see* Doc. 17), can plausibly be viewed as retaliatory given Plaintiff's allegations that he was found guilty despite procedural irregularities with the tickets/hearings and that Schoenbeck was motivated to get back at him because of the lawsuit he had previously filed (Doc. 14, p. 22). Consequently, Plaintiff is also permitted to proceed on Count 3 as to Defendant Schoenbeck.

Count 8

In Count 8, Plaintiff alleges that on October 7, 2021, Intel/I.A. Officer Doe 2 allowed an inmate named Corey Sanders to enter the holding area where Plaintiff was, in an attempt to instigate a fight between Plaintiff and Sanders as a means of generating new charges against Plaintiff and keeping him in restrictive housing (Doc. 14, pp. 22–23, 24). Plaintiff also alleges facts sufficient to show why violence was a real possibility with him and Sanders in close proximity and why he believed it was an intentional set-up by an officer (*Id.*). And finally, he alleged that Doe 2's actions were in retaliation for the lawsuit Plaintiff had filed (*Id.* at p. 24). Although nothing ultimately happened between him and Sanders, Plaintiff's allegations are nevertheless sufficient to state a claim for First Amendment retaliation and Plaintiff is permitted to proceed on Count 3 as to Doe 2.

Retaliation as to Doe 3

Based on the review of the amended complaint and the Merit Review Order, the Court realized that it overlooked and neglected to address Plaintiff's allegations of retaliation against Defendant Doe 3 (*see* Doc. 17). In the amended complaint, Plaintiff alleges that during his stint in segregation on the second false disciplinary ticket for allegedly plotting an assault on prison staff, he continued "to experience excessive delays and interference with his mail [at] the hands of Defendant Doe #3" (Doc. 14, p. 28). He further alleges that Doe #3 hampered his ability to participate in his criminal appeal by confiscating a copy of the appellate brief his criminal attorney sent him (*Id.*). Plaintiff claims that, as a result, his appellate brief was filed "without some issues" (*Id.*). Plaintiff also alleges that Doe #3 made phone calls to Plaintiff's attorneys accusing them of using legal mail to pass drugs to Plaintiff (*Id.*). Plaintiff claims that Doe #3's actions were in retaliation for the lawsuit he had filed (*Id.* at p. 29). These allegations are sufficient to state a claim for First Amendment retaliation against Doe 3. This claim will be designated as Count 8(b), and Plaintiff's claim against Doe #2 that was originally designated as Count 8 will be redesignated as Count 8(a).[2]

---

[2] The Court also notes that while it does not appear Plaintiff intended to allege an access to courts claim against Doe #3 because he did not state as much (*see* Doc. 14, p. 29), his allegations are also insufficient to state a claim because he did not describe what the omitted arguments were, how they were legitimate, and/or what specific prejudice he suffered as a result of their omission (*see id.*). *See Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006) ("[T]he mere denial of access to . . . legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts,* and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed.").

Count 9

Plaintiff has sufficiently alleged that multiple prison officials harassed him in various, and sometimes interconnected, ways over a period of months in order to retaliate against him for filing a lawsuit. He is therefore permitted to proceed on his conspiracy to retaliate claim against all of the Defendants who are the subjects of his retaliation claims in Counts 1, 3, and 8: Ottensmeier, McKinney, Frazer, McCarthy, Huffman, Wooley, Schoenbeck, Doe #1, Doe #2, and Doe #3.

Identification of Does 1, 2, and 3

Because Plaintiff is allowed to proceed against Does 1, 2, and 3, he must now work to identify these individuals. He shall have until November 6, 2024, to file a Notice with the Court that provides any descriptive information he possesses that may be used to identify Does 1, 2, and 3, such as: physical description(s); gender; rank; partial name(s)/nickname(s); specific job assignment(s); shift times; and locations and dates where Plaintiff interacted with them.

The current warden of Menard, Anthony Wills, will be added as a Defendant in his official capacity only, for the purpose of responding to discovery aimed at identifying the unknown defendants. Once he enters his appearance, he will be required to review Plaintiff's Notice and provide responsive information.

## CONCLUSION

Plaintiff's motion for reconsideration (Doc. 21) is **GRANTED in part and DENIED in part.** In accordance with this Order and the Merit Review Order (Doc. 17), this case shall proceed on the following claims against the following Defendants:

**Count 1:** First Amendment claim against **Ottensmeier** and **McKinney** for insinuating that Plaintiff was involved in drug dealing in retaliation for filing a suit against Menard officials in May 2021.

**Count 3:** First Amendment claim against **Frazer, McCarthy, Huffman, Doe 1, Wooley, and Schoenbeck** for placing Plaintiff in restrictive housing, searching his cell, confiscating his property, and/or issuing and finding him guilty on a false disciplinary ticket, all in retaliation for the lawsuit Plaintiff had filed.

**Count 4:** Fourteenth Amendment claim against **Frazer, McCarthy, and Schoenbeck** for depriving Plaintiff of a protected liberty interest without due process of law by punishing him on false disciplinary charges for drugs in August 2021 (first ticket) with 90 days in segregation and 6 months of contact visit restrictions following an unfair disciplinary hearing.

**Count 6:** Fourteenth Amendment claim against **Wooley, McKinney, and Schoenbeck** for depriving Plaintiff of a protected liberty interest without due process of law by punishing him on false disciplinary charges for conspiracy to commit staff assault in December 2021 with 90 days of segregation, 6 months of contact visit restrictions, and C grade following an unfair disciplinary hearing.

**Count 8(a):** First Amendment claim against **Intel/I/A Officer Doe 2** for attempting to instigate a fight between Plaintiff and Inmate Corey Sanders on or around October 7, 2021, in order to retaliate against Plaintiff for the lawsuit he had filed.

**Count 8(b):** First Amendment claim against **Intel/I/A Officer Doe 3** for interfering with Plaintiff's mail, confiscating mail from his criminal attorney, and falsely accusing him of dealing drugs in prison, all in retaliation for the lawsuit Plaintiff had filed.

**Count 9**: Conspiracy claim against Defendants **Ottensmeier, McKinney, Frazer, McCarthy, Huffman, Wooley, Schoenbeck, Doe 1, Doe 2, and Doe 3** for their concerted efforts to retaliate against Plaintiff for filing suit against Menard officials in May 2021.

Counts 2, 5, and 7 remain **DISMISSED without prejudice,** and all Defendants *except* Ottensmeier, McKinney, Frazer, McCarthy, Huffman, Wooley, Schoenbeck, Doe 1, Doe 2, and Doe 3 remain **DISMISSED without prejudice.**

Defendants Frazer, McCarthy, Wooley, McKinney, and Schoenbeck have already waived service and an attorney has appeared on their behalf (Doc. 23). As such, the Clerk need not mail them anything. Their responsive pleading should now encompass not only the issues stated in the Merit Reivew Order (Doc. 17), but also the issues stated in this Order. The Court sua sponte **EXTENDS** their deadline to file a responsive pleading to the First Amended Complaint to **November 11, 2024**.

The current warden of Menard Correctional Center, Anthony Wills, is **ADDED** in his official capacity only to help identify the unknown defendants: Does 1, 2, and 3.

The Clerk shall prepare for Defendants Marcelus Ottensmeier, Jessica Huffman, and Warden of Menard (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 14), the Merit Review Order (Doc. 17), and this Order to each Defendant's place of employment as identified by Plaintiff.

If Defendants Ottensmeier, Huffman, or Warden of Menard fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendants Ottensmeier, Huffman, or Warden of Menard cannot be found at the work address provided by Plaintiff, their employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known

address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants Ottensmeier and Huffman are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 14) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in Merit Review Order (Doc. 17) and this Order**.

For purposes of this initial order, **the Warden of Menard is NOT required to file an answer to the complaint**. The Warden need only have counsel appear on his behalf, and then the Warden (via counsel) must respond to Plaintiff's Notice about the identification of Does 1, 2, and 3. These steps will be further guided once the Warden enters an appearance.

Plaintiff's Notice with descriptive information about Does 1, 2, and 3 is due on or before November 8, 2024**.**

**IT IS SO ORDERED.**

**DATED: October 9, 2024**

                                                        s/ Mark A. Beatty
                                                        **MARK A. BEATTY**
                                                        **United States Magistrate Judge**